# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| GERALD BULLOCKS,<br>  Petitioner, | Case No. 1:18-cv-313 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| WARDEN, SOUTHERN OHIO<br>CORRECTIONAL FACILITY,<br>  Respondent. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Petitioner, an inmate currently in state custody at the Southern Ohio Correctional Facility in Lucasville, Ohio, has filed a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on respondent's motion to dismiss the petition as time-barred. (Doc. 6). For the reasons that follow, it is **RECOMMENDED** that respondent's motion to dismiss (Doc. 6) be **GRANTED**, and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

Petitioner's unopposed motion to amend the petition to clarify his claims (Doc. 9) is also before the Court and is **GRANTED**. Petitioner has also filed a motion for summary judgment on the merits of his § 2254 petition (Doc. 12), to which respondent has responded with a motion to stay consideration pending resolution of the time-bar issue presented in respondent's motion to dismiss (Doc. 13). In light of the Court's recommendation to dismiss the petition as time-barred, this Court **FURTHER RECOMMENDS** that both petitioner's motion for summary judgment (Doc. 12) and respondent's motion to stay consideration of the motion for summary judgment (Doc. 13) be **DENIED as moot.**

## I.    PROCEDURAL HISTORY

### State Convictions and Sentences

In 2007, the Hamilton County, Ohio, grand jury returned an indictment charging

petitioner with one count of aggravated murder, in violation of Ohio Rev. Code § 2903.01(A) (Count One), one count of aggravated murder, in violation of Ohio Rev. Code § 2903.01(B) (Count Two), one count of attempted murder, in violation of Ohio Rev. Code § 2923.02(A) (Count Three), one count of felonious assault, in violation of Ohio Rev. Code § 2903.11(A)(1) (Count Four), one count of felonious assault, in violation of Ohio Rev. Code § 2903.11(A)(2) (Count Five), one count of aggravated robbery, in violation of Ohio Rev. Code § 2911.01(A)(1) (Count Six), and two counts of aggravated robbery, in violation of Ohio Rev. Code § 2911.01(A)(3) (Counts Seven, Eight). (Doc. 5, Ex. 1). Each of the counts carried a firearm specification. (*See id.*).

In June 2007, the trial court found petitioner not competent to stand trial and ordered him to undergo treatment. (Doc. 5, Ex. 3). In September 2007, following treatment, the court found petitioner restored to competency. (Doc. 5, Ex. 4). On February 12, 2008, petitioner, through counsel, withdrew a former plea of not-guilty and pleaded guilty to a reduced murder charge on Count One, with the firearm specification, and to the attempted murder charge in Count Three. (Doc. 5, Ex. 5). Petitioner signed a guilty plea form in which he indicated that he understood his "right to appeal a maximum sentence, [his] other limited appellate rights, and that any appeal must be filed within 30 days of [his] sentence." (*Id.* at PageID 90). At his plea hearing, also on February 12, 2008, petitioner indicated that he was entering his guilty plea to the above counts and specification on his own free will and that no one had made "any threats, promises or anything else in order to get [him] to plead." (Doc. 5-1, at PageID 353). Petitioner further indicated that he understood the possible penalties that he faced and that he had read and understood the guilty plea form that he signed. (Doc. 5-1, at PageID 355-56). Following the

2

plea colloquy, petitioner was sentenced to an aggregate prison term of 18 years to life. (Doc. 5-1, at PageID 361; *see also* Doc. 5, Ex. 7, at PageID 94). On February 22, 2008, the remaining counts and specifications, including the specification for Count Three, were dismissed. (Doc. 5, Ex. 6). Petitioner did not appeal. (*See* Doc. 6, at PageID 367; *see also* Doc. 5, Ex. 49, at PageID 334).

## State Post-Conviction Motions

On July 16, 2009, petitioner filed pro se motions for appointment of counsel (Doc. 5, Ex. 8) and for expert assistance (Doc. 5, Ex. 9), as well as a Petition to Vacate or Set Aside Judgment of Conviction or Sentence (Doc. 5, Ex. 10) on the ground that his guilty plea was involuntary. The trial court denied the motions for appointment of counsel and expert assistance on July 22, 2009. (Doc. 5, Exs.11, 12). The trial court overruled the petition to vacate or set aside judgment or sentence on July 28, 2009. (Doc. 5, Ex. 13). Petitioner did not appeal. (*See* Doc. 6, at PageID 368; *see also* Doc. 5, Ex. 49, at PageID 333-34).

On August 13, 2009, petitioner filed a motion to modify his sentence, requesting the trial court "to set aside the life sentence and modify the sentence to 15 years flat time." (Doc. 5, Ex. 14, at PageID 109). On August 14, 2009, the trial court denied the motion. (Doc. 5, Ex. 15). Petitioner did not appeal. (*See* Doc. 6, at PageID 368; *see also* Doc. 5, Ex. 49, at PageID 333).

On April 23, 2014, petitioner filed a Motion to Vacate Void Sentence, asserting that his sentence was void because the trial court had not properly imposed post-release control. (Doc. 5, Ex. 16, at PageID 116). On the same date, the trial court denied the motion. (Doc. 5, Ex. 17). In a separate entry, dated April 29, 2014, the trial court again denied the motion, explaining: "[T]he Court does hereby find that it verbally advised [petitioner] that '[A]fter prison release with

reference to Count 3, you will have five years of post-release control . . .' and of the consequences of post-release control, and included this portion of the sentence in the sentencing judgment entry." (Doc. 5, Ex. 18, at PageID 120). Petitioner did not appeal. (*See* Doc. 6, at PageID 369; *see also* Doc. 5, Ex. 49, at PageID 333).

**First Delayed Direct Appeal**

On June 10, 2014, petitioner filed a motion with the Ohio Court of Appeals for leave to file a delayed appeal of his 2008 convictions and sentence. (Doc. 5, Ex. 20). In support of his motion, petitioner stated: "I did not knowingly and intelligently waive my right to direct appeal." (*Id*. at PageID 126). On June 25, 2014, the Ohio Court of Appeals overruled petitioner's motion for delayed appeal, finding that petitioner "failed to provide sufficient reasons for failure to perfect an appeal as of right." (Doc. 5, Ex. 23). Petitioner did not appeal to the Ohio Supreme Court. (*See* Doc. 6, at PageID 370; *see also* Doc. 5, Ex. 50, at PageID 341).

**Motion to Withdraw Guilty Plea**

On September 9, 2015, petitioner filed in the trial court a motion to withdraw his guilty plea. (Doc. 5, Ex. 24). Petitioner claimed that his plea was involuntary because the trial court had (1) conveyed "incorrect information regarding [petitioner's] legal status after release from prison" (*id*. at PageID 152), (2) failed to "determine that [petitioner] understood the nature of the charges for which he was pleading guilty" (*id*. at PageID 155), and (3) made an "unfulfillable promise" by conveying the allegedly incorrect information regarding petitioner's legal status after release from prison (*id*. at PageID 158). Petitioner also asserted that his plea was involuntary because counsel performed ineffectively by failing to (1) correct the trial court's alleged errors (*id*. at PageID 159-62), (2) file a motion to dismiss the "superfluous" counts from

4

the indictment (*id*. at PageID 162), (3) file a motion to withdraw based on "irreconcilable differences" with petitioner (*id*. at PageID 163), and (4) consult with petitioner about "an adequate defense to the charges" (*id*.). The trial court denied the motion on September 14, 2015. (Doc. 5, Ex. 25). On May 31, 2017, the Ohio Court of Appeals affirmed the trial court's judgment. (Doc. 5, Ex. 29). On October 11, 2017, the Ohio Supreme Court denied further review. (Doc. 5, Ex. 36).

## Second and Third Delayed Direct Appeals

On October 31, 2017, petitioner filed a second and third delayed appeal in the Ohio Court of Appeals from the 2008 judgment of conviction and sentence. (*See* Doc. 5, Exs. 37, 39). In one of the appeals, Case No. C-1700601, petitioner did not file a motion for leave to file a delayed appeal, and the Ohio Court of Appeals dismissed the appeal as untimely on December 19, 2017. (*See* Doc. 5, Ex. 38). In the other appeal, Case No. C-170600, petitioner filed a motion for leave to file a delayed appeal, claiming that the trial court had failed to notify him of his appellate rights. (Doc. 5, Ex. 40). The Ohio Court of Appeals found the motion to be "not well taken" and overruled it on November 21, 2017. (Doc. 5, Ex. 42). Petitioner appealed the November 21, 2017 Entry, but the Ohio Supreme Court denied further review on April 25, 2018. (Doc. 5, Ex. 46).

## Second Petition to Vacate or Set Aside Sentence

On April 17, 2018, petitioner filed a second Petition to Vacate or Set Aside Judgment of Conviction or Sentence in the trial court, asserting that he was never informed of his appellate rights. (*See* Doc. 5, Ex. 47, at PageID 302). On April 19, 2018, the trial court denied the motion. (Doc. 5, Ex. 48). Petitioner did not appeal. (*See* Doc. 6, at PageID 374, *see also* Doc.

5

5, Ex. 49, at PageID 333).

## Federal Habeas Petition

Petitioner filed his pro se habeas petition on April 26, 2018,[1] raising the following four grounds for relief:

> **GROUND ONE:** Guilty plea was not voluntary, knowing, and intelligently made.
>
> **Supporting Facts:** In order for a plea to be voluntary, knowing, and intelligently made, the Defendant must be made aware of all penalties pertaining to plea. Defendant must be made aware of the maximum sentence that could be imposed. Defendant was never made aware of the fact he could return back to prison for the remainder of his life if he violated parole. In order for the plea to be knowingly, voluntarily made, defendant must know everything, especially critical information pertaining to plea.
>
> **GROUND TWO:** Violation of Due Process Rights guaranteed by the 5th and 14th Amendment to the United States Constitution.
>
> **Supporting Facts:** Failed to determine that Gerald Bullocks understood the nature of the charges for which he was pleading guilty to. Gerald Bullocks was not notified by the Court, Prosecution or attorney of the maximum penalty involved. Had Gerald Bullocks known that he could return to prison for the rest of his life if he violated PRC conditions, he could have assessed his opportunity to go to trial. Defendant contends he submitted the proper amount of copies of plea/sentencing transcripts to support his claims with Crim. R. 31 Motion as an exhibit/attachment.
>
> **GROUND THREE:** Violation of 5th and 14th Amendment rights to the United States Constitution to due process during plea colloquy when it induced a plea with an unfulfillable promise.
>
> **Supporting Facts:** Mr. Bullocks was induced into changing his not guilty plea to a guilty plea by the prosecutor and court informing him that he would be supervised by Post Release Control (PRC) upon release from prison, and that if he violated the post release control that he could be returned to prison for up to half of his time that

---

[1] The petition was filed with the Court on May 9, 2018. (*See* Doc. 3). However, petitioner executed the petition on April 26, 2018. (*See* Doc. 3 at PageID 71). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). It is presumed for purposes of respondent's motion to dismiss (Doc. 6) that the federal habeas corpus petition was "filed" on April 26, 2018, the date petitioner executed it.

he served on his prison term. Defendant relied on the accuracy of this information when making his plea. However, the facts are he could not have been placed on (PRC) for a Murder Conviction because it requires parole as the source of supervision.

**GROUND FOUR:** Ineffective Assistance of Counsel.

**Supporting Facts**: Defendant filed a motion to remove counsel due to [d]uring plea colloquy Mr. Bullocks was induced into a guilty plea by an unfillable promise made by the prosecutor and court. Trial counsel had a duty during plea colloquy to advise Mr. Bullocks that the terms of the plea agreement were unfulfillable and he did not. Trial counsel failed to advise[] Mr. Bullocks of the maximum penalty involved with the plea, and was incompetent by failing to fully make Mr. Bullocks aware of the downside and dangers to what he was pleading guilty to.

(Doc. 3, at PageID 61, 63-64, 66).

Respondent has filed a motion to dismiss the petition on the grounds that it is barred by the applicable one-year statute of limitations governing federal habeas actions by state prisoners, which is set forth in 28 U.S.C. § 2244(d). (Doc. 6). Petitioner has filed a response in opposition, to which respondent has replied and petitioner has filed a sur-reply. (Docs. 7, 8, 10, 11).

## II. THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral review.

Respondent contends that the grounds for relief in the petition "are trial-based" and that § 2244(d)(1)(A) applies, making the starting date for the running of the statute of limitations the date petitioner's convictions became "final." (Doc. 6, at PageID 379). This Court agrees that § 2244(d)(1)(A) applies. The provision set forth in § 2244(d)(1)(D) is inapplicable because the alleged constitutional violations occurred during the plea-taking process and were discoverable in the exercise of due diligence before the conclusion of direct review or expiration of time for seeking such review. Moreover, § 2244(d)(1)(B) and § 2244(d)(1)(C) do not apply because petitioner has neither alleged that a state-created impediment prevented him from filing a federal habeas petition[2] nor asserted a constitutional right that has been newly recognized by the United

---

[2] Although not raised as a basis to invoke § 2244(d)(1)(B) in this case, petitioner claimed in the state courts that he was unaware of his appellate rights. (*See* Doc. 5, Exs. 40, 47). However, petitioner signed a guilty plea acknowledging his appellate rights. (*See* Doc. 5, Ex. 5, at PageID 90). "[W]here a petitioner signs a guilty plea acknowledging that he understands his right to appeal, his subsequent allegations to the contrary may be deemed to be unworthy of credit." *Hysell v. Warden*, No. 2:16-cv-139, 2016 WL 6165986, at *4 (S.D. Ohio Oct. 24, 2016) (King, M.J.) (citing cases), *adopted* 2016 WL 6892493 (S.D. Ohio Nov. 22, 2016) (Watson, J.). Nevertheless, for the sake of completeness, to the extent that petitioner's assertion in the state courts that he was unaware of his appellate rights could be sufficient to invoke § 2244(d)(1)(B), petitioner would still face a statute-of-limitations bar to review. It is clear that petitioner was aware of his right to file a direct appeal in the state courts at least by June 10, 2014, when he filed his first motion for delayed appeal. (*See* Doc. 5, Ex. 20). The Ohio Court of Appeals overruled the motion on June 25, 2014. (Doc. 5, Ex. 23). Petitioner did not appeal to the Ohio Supreme Court. (*See* Doc. 6, at PageID 370; *see also* Doc. 5, Ex. 50, at PageID 341). Thus, any impediment to filing his direct appeal was removed at least by June 10, 2014, and the statute of limitations would have begun to run at the latest on August 12, 2014, the day after petitioner's forty-five-day period expired for filing an appeal to the Ohio Supreme Court from the Ohio Court of

States Supreme Court and made retroactively applicable to cases on collateral review.

Under § 2244(d)(1)(A), petitioner's convictions became final on March 13, 2008, when the thirty-day period expired for filing an appeal as of right to the Ohio Court of Appeals from the trial court's February 12, 2008 judgment of conviction and sentence. *See* Ohio App. Rule 4(A).[3] Petitioner is unable to prevail on any argument (*see* Docs. 7, at PageID 386-87; 8, at PageID 394-95) that his later-filed unsuccessful motion to withdraw his guilty plea had any impact on the finality determination under 28 U.S.C. § 2244(d)(1)(A) or otherwise served to restart the running of the clock. *See Eberle v. Warden*, 532 F. App'x 605, 608-09 (6th Cir. 2013) (holding that a motion to withdraw a guilty plea in Ohio does not serve to restart the AEDPA's one-year statute of limitations or otherwise alter the date on which a conviction becomes final under § 2244(d)(1)(A)).[4]

Therefore, the statute of limitations commenced running on March 14, 2008, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on March 16, 2009,[5] absent

---

Appeal's denial of his motion to file a delayed appeal. *See* Ohio S. Ct. Prac. R. 7.01(A)(1). The statute continued to run, expiring one year later on August 12, 2015, absent application of statutory or equitable tolling principles. Petitioner did not file any tolling motions during that time period and, as explained *infra*, has not established that equitable tolling is appropriate. *Cf. Ratliff v. Jefferys,* No. 3:06cv1931, 2007 WL 4248173, at *5 (N.D. Ohio Nov. 30, 2007) (holding that § 2244(d)(1)(B) was inapplicable in a case where the petitioner failed to file his federal habeas corpus petition within one year after the alleged state impediment was removed).

[3]Respondent gives petitioner the benefit of ten additional days, based on respondent's assertion that the judgment of conviction and sentence was filed on February 22, 2008. (*See* Doc. 6, at PageID 379). Although it appears from the face of the trial court's judgment and the trial court's docket sheets that the judgment of conviction and sentence was entered on February 12, 2008 (*see* Doc. 5, Ex. 7, at PageID 93, & Ex. 49, at PageID 335), the Court notes that adding an additional ten days of time to the limitations period is not enough to place the petition within the AEDPA statute of limitations.

[4]*Hart v. Marion Correctional Inst.*, 927 F.2d 256 (6th Cir. 1991), cited by petitioner in his oppositions to respondent's motion to dismiss (*see* Docs. 7, at PageID 386; 8, at PageID 395) is inapplicable. *Hart* is a pre-AEDPA case and, in any event, does not address the statute of limitations.

[5]March 14, 2009, fell on a Saturday, so the limitations period did not expire until the following Monday. Fed. R. Civ. P. 6(a)(1)(C).

9

the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

Here, petitioner's state post-conviction motions were filed *after* the expiration of the limitations period and therefore had no effect on the limitations period. *See Vroman,* 346 F.3d at 602. Likewise, petitioner's unsuccessful delayed-appeal proceedings were filed *after* the expiration of the limitations period and had no effect on the limitations period. *See Armstrong v. Warden*, No. 1:15-cv-783, 2016 WL 4778367, at *4 (S.D. Ohio June 30, 2016) (Bowman, M.J.) (Report & Recommendation) (and cases cited therein) (explaining that unlike a successful motion for a delayed appeal, an unsuccessful motion for a delayed appeal cannot restart the running of the limitations period under § 2244(d)(1)(A) but can only toll an unexpired limitations period under § 2244(d)(2)), *adopted* 2016 WL 4035510 (S.D. Ohio July 26, 2016) (Bertelsman, J.). Also, as set forth above, petitioner's unsuccessful motion to withdraw his guilty plea had no effect on the limitations period. *See Eberle*, 532 F. App'x at 608-09. Accordingly, the AEDPA limitations period expired as to petitioner's claims on March 16, 2009, and this petition is time-

barred absent equitable tolling.

## Equitable Tolling

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not established that he is entitled to equitable tolling in this case. Petitioner's convictions and sentence became final on March 13, 2008; the statute of limitations commenced running the next day, on March 14, 2008, and expired one year later, on March 16, 2009. Petitioner did not file his federal habeas petition until April 2018, more than nine years after the statute of limitations expired. Petitioner has not shown that he was prevented by some

11

extraordinary circumstance from seeking relief in a more timely manner. Petitioner stated in the state courts that he was unaware of his appellate rights. However, it is well-settled in the Sixth Circuit that petitioner's pro se status or lack of legal knowledge are not sufficient to warrant equitable tolling. *See, e.g., Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"). In any event, petitioner did not diligently pursue his federal claims even after the denial of first motion for leave to file a delayed appeal on June 25, 2014. Rather, he took no further action to challenge his convictions for over a year, when he filed his motion to withdraw his guilty plea on September 9, 2015. (*See* note 2, supra). Furthermore, even after the Ohio Supreme Court denied review of the Ohio Court of Appeals' decision affirming the trial court's denial of his motion to withdraw his guilty plea, petitioner sat on his federal claims for over six months before filing his habeas petition. *See Pace*, 544 U.S. at 419 ("And not only did petitioner sit on his rights for years *before* he filed his [post-conviction] petition, but he also sat on them for five more months *after* his [post-conviction] proceedings became final before deciding to seek relief in federal court.").

Petitioner's past assertions of mental incompetence are also insufficient to toll the limitations period. *See Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (finding that to be entitled to equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence a petitioner must demonstrate that "(1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with the statute of limitations."). Although petitioner did not diligently pursue his federal claims, he has not established any connection between his lack of diligence and any mental incompetence. Indeed, during the ten years that elapsed

12

between petitioner's judgment of conviction becoming final for AEDPA purposes on March 13, 2008, and petitioner filing his federal habeas petition on April 26, 2018, petitioner filed numerous proceedings in the state courts.

Finally, petitioner has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, _ U.S. _, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, the undersigned concludes that petitioner's federal habeas corpus petition (Doc. 3) is time-barred. Therefore, the motion to dismiss (Doc. 6) should be **GRANTED** and the petition for a writ of habeas corpus (Doc. 3) should be **DISMISSED with prejudice**.

### III. PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND RESPONDENT'S MOTION TO STAY PROCEEDINGS ON THE MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED AS MOOT.

In light of the Court's recommendation to dismiss the petition (Doc. 3) with prejudice as barred by AEDPA's statute of limitations, the Court **further RECOMMENDS** that petitioner's motion for summary judgment (Doc. 12) and respondent's motion to stay proceedings on the motion for summary judgment pending resolution of respondent's motion to dismiss (Doc. 13) be **DENIED as moot**.

### IT IS THEREFORE ORDERED THAT:

1. Petitioner's motion to amend the petition to clarify his claims (Doc. 9) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED** and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED with prejudice**.

2. Petitioner's motion for summary judgment on the merits of his petition (Doc. 12) and respondent's motion to stay proceedings on petitioner's motion for summary judgment pending resolution of respondent's motion to dismiss (Doc. 13) be **DENIED as moot** in light of the above recommendation**.**

3. A certificate of appealability should not issue with respect to any of petitioner's time-barred claims because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling that such claims are subject to dismissal on statute of limitations grounds.[6]

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[6]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| GERALD BULLOCKS,<br>    Petitioner, | Case No. 1:18-cv-313 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| WARDEN, SOUTHERN OHIO<br>CORRECTIONAL FACILITY,<br>    Respondent. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).